# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sean Rodgers,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA<br><br>    Defendants. | **Case No.: 0:20-cv-2079**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff Sean Rodgers, for his cause of action against the above named Defendant, states and alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant United States of America ("USA") under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for negligence in connection with transportation Plaintiff by the Bureau of Prisoners, and in particular the Federal Medical Facility in Rochester, Minnesota.

2. The claims herein are brought against the USA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for

money damages as compensation for personal injuries caused by the USA's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act by submitting a Standard Form 95 to the Bureau of Prisoners in a timely manner. On March 24, 2020, the Bureau of Prisons acknowledged receipt of Plaintiff's claim. The claim has not been denied or responded to within six months. Plaintiff has thus exhausted his administrative remedies for purposes of his claims under the FTCA pursuant to 28 U.S.C. § 2675.

4. Plaintiff now files this Complaint against the USA pursuant to 28 U.S.C. § 2401(b) after the Bureau of Prisons' *de facto* denial.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, an inmate at the Federal Medical Facility in Rochester, Minnesota.

6. Defendant USA is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §§ 1391 and 1402, because a substantial part of the events complained of and giving rise to Plaintiff's claims occurred in this District, and Defendant USA through its agency, the Bureau of Prisons, operates the Federal Medical Center located in Rochester Minnesota ("FMC").

## FACTUAL BACKGROUND
### (Taken from Plaintiff's SF-95)

9. On August 23, 2018, while transferring Plaintiff Sean Rodgers, who is a paraplegic inmate, to the hospital for care of a wound on his right leg, Bureau of Prisons employees Orum, Schmidt, and Gleason, secured Plaintiff's wheelchair to the floor of the transport van but failed to secure Plaintiff in the wheel chair. Plaintiff informed Orum, Schmidt, and Gleason of this fact, but they failed to correct the situation. When the driver, Mr. Orum, later applied the brakes, Plaintiff flew headfirst out of the wheel chair causing fracture to the Tibia shafts of both his legs, fracture to the Fibula shaft of the right leg, Knee fracture and injuries to the left side of his face, jaw, and neck.

10. After the incident, Orum, Schmidt, and Gleason took Plaintiff to the Mayo Clinic for his appointment where a medical provider, concerned by the look of his legs and knee, instructed Orum, Schmidt, and Gleason to take him to the Mayo Emergency Room. Rather than do as instructed, Orum, Schmidt, and Gleason took Plaintiff back to the FMC. FMC medical staff, concerned by the look of Plaintiff's legs and knee, had Orum, Schmidt, and Gleason take Plaintiff back to the Mayo Emergency Room.

## DAMAGES

11. CT scans of the left and right lower extremities at the Mayo Clinic showed, *inter alia*:

a. Nondisplaced spiral-type fracture of the RIGHT proximal tibial metadiaphysis with no clear extension to the proximal tibial articular surface;

b. Minimally comminuted fracture of the RIGHT fibular head;

c. Large knee joint effusion;

d. Comminuted, minimally displaced obliquely oriented fracture of the LEFT proximal tibial metaphysis, without extension to the tibial plateau; and

e. Comminuted, minimally displaced fracture of the LEFT proximal fibula.

Surgery was performed at the Mayo Clinic to accomplish closed reduction and Internal fixation of left proximal tibia fracture and closed treatment of right

nondisplaced proximal tibia fracture. Fixation required placement of permanent wires and multiple screws in each leg.

## COUNT I

### FEDERAL TORT CLAIMS ACT - MEDICAL MALPRACTICE
**(28 U.S.C. § 2671, *et seq*. and § 1346)**

12.	Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

13.	Defendant USA, through the Bureau of Prisons and its medical staff at the Federal Medical facility in Rochester, Minnesota had a duty to use reasonable care when transporting Plaintiff.

14.	Defendant was negligent by failing to properly secure Plaintiff in his wheelchair, failing to correct this failure when brought to its attention, driving the van in a manner that increased the risk of harm to Plaintiff—particularly while knowing that he was not properly secured, and was in other ways negligent.

15.	Defendant USA is liable to Plaintiff pursuant to 28 U.S.C. § 2674.

16.	As a direct and proximate result of Defendant USA's negligence, Plaintiff has experienced pain and suffering, suffered a substantial reduction in his capacity to enjoy life and participate in his usual activities, endured unnecessary medical procedures, been forced to incur additional and on-going medical treatment and physical and occupational therapy, all to his damage in an

amount to be determined at trial.

17. As a further direct and proximate result of Defendant USA's negligence, Plaintiff is reasonably expected to suffer and require additional care in the future and has sustained permanent and disabling injuries to his mind and body and will be required in the future to expend substantial sums of money in an effort to cure himself, all to his damage in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant, as follows:

A. Finding that Defendant USA was negligent.

B. Awarding judgment in favor of Plaintiff and against the Defendant in an amount to be determined at trial as and for compensatory damages;

C. Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

D. Awarding Plaintiff his attorney's fees and costs;

E. Awarding such other and further relief as the Court may deem just and equitable.

**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY REQUESTED**.

Dated: September 30, 2020					**BENNEROTTE & ASSOCIATES, P.A.**

By:	*s/ Vincent J. Moccio*
	Vincent J. Moccio (MN# 184640)
	*vincent@bennerotte.com*

3085 Justice Way, Suite 200
Eagan, Minnesota 55121
T:	651-842-9257
F:	651-288-0860

*Attorneys for Plaintiff*